BLD-111                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2729
_____

UNITED STATES OF AMERICA

v.

TROY HOLMES,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00495-001)
District Judge:  Harvey J. Bartle, III

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 4, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2021)
_____

OPINION*
_____

PER CURIAM

      Troy Holmes appeals pro se from the District Court's order denying his motion

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government has filed a motion for summary affirmance.  For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2008, a jury sitting in the United States District Court for the Eastern District of Pennsylvania found Holmes guilty of: (1) conspiracy to commit carjacking in violation of 18 U.S.C. § 371; (2) carjacking in violation of 18 U.S.C. § 2119; and (3) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2).  He was sentenced to 300 months' imprisonment, followed by five years of supervised release.  Holmes is currently serving his sentence at Federal Correctional Institution Gilmer (FCI Gilmer) in Glenville, West Virginia.

In May 2020, Holmes filed a pro se motion for compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In the motion, which he later supplemented, Holmes asserted that, due to numerous underlying health conditions—including severe asthma, hypertension, and obesity—he was at risk of serious complications or death should he contract COVID-19.  He further asserted that "he poses minimal risk, if any, to public safety, which can be managed through home confinement and supervision conditions."  Supp. Mot. 4, ECF No. 132.  Holmes stated

---

[1] It is undisputed that Holmes complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the District Court.  See 18 U.S.C. § 3582(c)(1)(A) (providing that a prisoner can file a motion with the court upon the "lapse of 30 days from the receipt of [a request for compassionate release] by the warden of the defendant's facility.").

that, as a prisoner, he faces a "special risk" of infection because he is unable to take proactive measures to keep himself safe. Id. 7. With respect to the § 3553(a) sentencing factors, Holmes conceded that his crime was serious, but argued that "granting [his] motion for time served in the midst of a national emergency[] would not improperly minimize the severity of his crime." Id. at 38-39.

The District Court denied the motion, concluding that, after considering the parties' arguments and the 18 U.S.C. § 3553(a) factors, Holmes had not shown that "extraordinary and compelling reasons warrant such a reduction" in sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

Holmes appealed. The Government now moves for summary affirmance, see 3d Cir. L.A.R. 27.4, and to be relieved from filing a brief, see id. 31.2.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are

3

applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

III.

Having carefully reviewed the record and the parties' filings, we discern no abuse of discretion in the District Court's decision to deny the motion for compassionate release. As the District Court explained, Holmes has a lengthy and serious criminal history, including felony drug offenses, aggravated assault, and pointing a loaded gun at a police officer. In addition, the carjacking for which he is currently incarcerated led to a dangerous police pursuit that ended in a collision with another vehicle on the road. Given the seriousness of these crimes, the District Court did not err in concluding that the § 3553(a) factors weighed against granting relief. The District Court also reasonably determined that the fact that Holmes had only served about half of his 300-month sentence weighed against him. See Pawlowski, 967 F.3d at 331 ("[W]e cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors"). We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error

of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (citation, quotation marks, and alteration omitted).

IV.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment. The Government's motion to be relieved from filing a brief is granted.